38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Meyjon Y. MAYLE, Defendant-Appellant.
 No. 94-3008.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 Before: MILBURN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Meyjon Y. Mayle appeals her judgment of conviction and sentence following her guilty plea to one count of conspiracy to commit five bank robberies in violation of 18 U.S.C. Sec. 371 and one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a) and 18 U.S.C. Sec. 2. The district court sentenced Mayle to fifty-seven months of imprisonment, a three-year term of supervised release, and imposed a $100 special assessment. The court also ordered Mayle to pay restitution in the amount of $8,870. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Mayle argues that the district court improperly increased her sentence guideline range by four levels pursuant to U.S.S.G. Secs. 1B1.2(d) and 3D1.4(a). The court concluded that, as Mayle had pleaded guilty to conspiracy to commit more than one offense, she must be treated for sentencing purposes as having been convicted on a separate count of conspiracy for each offense that she conspired to commit. Mayle argues that the Sentencing Commission exceeded its authority in promulgating Sec. 1B1.2(d).
 
 
 3
 Upon review, we conclude that the district court properly sentenced Mayle. We review the district court's factual findings for clear error, United States v. Watkins, 994 F.2d 1192, 1195 (6th Cir.1993), and review the district court's legal conclusions de novo. Id.
 
 
 4
 The district court properly increased Mayle's total offense level under Sec. 1B1.2(d). Adjustments under that section are appropriate, as long as the punishment for conviction of the multiple-object conspiracy does not exceed the statutory maximum for the offense carrying the least severe penalty. See United States v. Fisher, 22 F.3d 574, 576 (5th Cir.1994); see also United States v. Cooper, 966 F.2d 936, 941 (5th Cir.), cert. denied, 113 S.Ct. 481 (1992). In this case, the statutory maximum for the offense carrying the least severe penalty is found in 18 U.S.C. Sec. 371. The maximum term of imprisonment provided by that statute is five years. As Mayle's sentence of fifty-seven months of imprisonment does not exceed this statutory maximum, we conclude that the district court properly applied U.S.S.G. Sec. 1B1.2(d) and Sec. 3D1.4.
 
 
 5
 Accordingly, we affirm the district court's judgment.